In the Matter of the Application of JOSEPH A. PALMA, Appellant, Respondent, for a Recanvass and Examination of Ballots under the Election Law, and for an Order Directing S. HOWARD COHEN, as President of the Board of Elections of the City of New York, and Others, Constituting the Board of Elections of the City of New York, to Declare the Said JOSEPH A. PALMA Duly Nominated by the Democratic Party for the Public Office of President, Borough of Richmond, City of New York.

BERTRAM G. EADIE, Respondent, Appellant.

Second Department, October 21, 1941.

*Herman Methfessel*, for the appellant, respondent.

*William A. Smith*, for the respondent, appellant.

PER CURIAM. In the primary election of the Democratic Party for the nomination for the public office of president of the borough of Richmond, city of New York, held on September 16, 1941, one Bertram G. Eadie was certified as having been elected. His opponent, Joseph A. Palma, pursuant to the Election Law (§ 330), brought this proceeding for a recanvass and examination of the ballots and upon such recanvass and examination to have the board of elections declare him elected as the nominee for the office in place of Eadie. By direction of the Special Term the board recanvassed the ballots and found that the candidate Palma received 9,729 votes and the candidate Eadie received 9,744 votes. The Special Term, after a hearing in which it passed upon 1,478 contested ballots, in effect confirmed the finding of the board of elections upon the recount, and on the basis thereof made an order denying Palma's motion to have himself declared the Democratic candidate for the office in question and confirming the election of Eadie. Palma appeals from that order. Eadie cross-appeals from the order in so far as it is based on rulings adverse to him.

The parties agreed in open court that the appeal may be decided by a court of four justices.

After examining forty-one groups of ballots, the court makes the following rulings:

WITH RESPECT TO THE BALLOTS MARKED OR INTENDED TO BE MARKED FOR PALMA.

(1) That the ballot marked Exhibit 547 (in group 5), held valid at Special Term, is invalid.

(2) That ballots marked Exhibits 568, 714, 722, 731, 783, 781, 430, 170, 108, 955, 1099, 1190, 1230, 1429, 1463, 694, 893 and 894 (eighteen ballots in group 10), held valid at Special Term, are invalid.

(3) That ballots marked Exhibits 496 and 846 (in group 12), held invalid at Special Term, are valid.

(4) That ballot marked Exhibit 1306 (in group 18), held valid at Special Term, is invalid.

(5) That ballot marked Exhibit 326 (in group 19), held invalid at Special Term, is valid.

(6) That ballots marked Exhibits 207 and 1285 (in group 20), held invalid at Special Term, are valid.

(7) That ballots marked Exhibits 50 and 787 (in group 23), held invalid at Special Term, are valid.

(8) That ballot marked Exhibit 210 (in group 27), held valid at Special Term, is invalid.

(9) That ballot marked Exhibit 829 (in group 28), held valid at Special Term, is invalid.

(10) That ballots marked Exhibits 571, 448, 53, 756, 871 and 713 (in group 32), held invalid at Special Term, are valid.

(11) That ballot marked Exhibit 1212 (in group 37), held valid at Special Term, is invalid.

(12) That ballot marked Exhibit 960 (in group 38), held invalid at Special Term, is valid.

WITH RESPECT TO THE BALLOTS MARKED OR INTENDED TO BE MARKED FOR EADIE.

(13) That ballot marked Exhibit 845 (in group 5), held invalid at Special Term, is valid.

(14) That ballot marked Exhibit 1168 (in group 7), held valid at Special Term, is invalid.

(15) That ballots marked Exhibits 45, 105, 154, 142, 181, 269, 460 and 507 (in group 10), held valid at Special Term, are invalid.

(16) That ballot marked Exhibit 1437 (in group 12), held invalid at Special Term, is valid.

(17) That ballot marked Exhibit 1270 (in group 13), held valid at Special Term, is invalid.

(18) That ballot marked Exhibit 1047 (in group 19), held invalid at Special Term, is valid.

(19) That ballots marked Exhibits 144, 370 and 686 (in group 20), held invalid at Special Term, are valid.

(20) That ballot marked Exhibit 660 (in group 27), held valid at Special Term, is invalid.

(21) That ballot marked Exhibit 327 (in group 38), held invalid at Special Term, is valid.

Computation based on the foregoing rulings shows that Palma loses twenty-three votes and gains fourteen, or a net loss of nine votes, which would reduce to 9,720 the total number of valid votes cast for him; and that Eadie loses eleven votes and gains seven, or a net loss of four votes, which would reduce to 9,740 the total number of valid votes cast for him. Therefore, Eadie must be deemed to have been elected by a majority of twenty votes.

The order should be modified on the law and the facts by changing the totals of the number of valid votes cast for Joseph A. Palma to 9,720, and for Bertram G. Eadie to 9,740, in accordance with this opinion, and as so modified affirmed, without costs.

The motions on behalf of Palma and Eadie for leave to appeal to the Court of Appeals should be granted.

CARSWELL, ADEL, TAYLOR and CLOSE, JJ., concur.

Ordered accordingly.